By the Court,

Nelson, C. J.
It was held in Moncrief v. Ely, 19 Wendell, 406, that the putative father was not legally liable, at com- [ *620 ] mon law, for the support of his bastard *cbild ; and as the liability was created wholly by statute, the remedy there prescribed must be pursued. But it was admitted that on the ground of the natural or moral obligation arising out of the relation of the parties, he may be chargeable upon an express promise; or if he had adopted the child as his own, a promise might be implied in favor of the party maintaining it.
There is no pretence in this case that the defendant has adopted the child in question ; on the contrary, the evidence is slight that he ever even admitted himself to be the father of it. The only ground, therefore, upon which the action can be maintained is the express undertaking proved by the supervisor, to whom the defendant in substance promised, he would indemnify the county for all charges to which it might be subjected. This might be sufficient "to uphold the action, if the promise could be made to enure for the benefit of the plaintiffs upon any sound principle of law. But the supervisor was a stranger to the superintendents, acting at the time without any authority on their behalf, and for aught that appears without any understanding with them on the subject. It is impossible, therefore, that the promise made to him can be regarded as operating to their benefit. Some agency in the business must be first established before this effect can be accorded to it.
It is true, the supervisor, even where the bastard is chargeable to the county, may, perhaps, apply to the justice for the purpose of instituting proceedings to inquire into the facts, &c., 1 R. S. 649, § 5 ; but it by no means follows from this duty thus imposed by the statute, that he must have power to settle and compound at discretion the matter for the county, or proceed on their behalf, in any other way than that pointed out by the act. *473 The superintendents are alone empowered to compromise and arrange with the putative father, relative to the support of bastard children within their jurisdiction. 1 R. S., 660, § 69.
Judgment reversed.